IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| STEVEN B. TRAINER, | : | |
| Plaintiff | : | |
| VS. | : | |
| B. KEITH JONES, *et al.*, | : | CIVIL ACTION NO. 1:04-cv-180(WLS) |
| Defendants | : | **O R D E R** |

*Pro se* plaintiff **STEVEN B. TRAINER** has filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $150.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $150.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff is presently an inmate at Dodge State Prison and was formerly incarcerated at Autry State Prison ("ASP"). On December 4, 2003, plaintiff received a letter from the Board of Pardons and Paroles advising him that his tentative parole release date had been set for December 2004.

Plaintiff claims that in January 2004, he was transferred to ASP to participate in a pre-transitional program, completion of which is allegedly required by the parole board as a precondition to release on parole. In his complaint, plaintiff makes wide-ranging allegations against the defendants, employees of ASP and James Donald, Commissioner of the Georgia Department of Corrections ("GDOC"). Based upon plaintiff's complaint, it is not possible for the Court to determine all claims plaintiff raises. He appears to make the following allegations:

(1) that he suffers from what he characterizes as "cervical spine disorder" and "irreparable degenerating physical problems" and that the defendants ignored his medical condition and history, and required him to work on a road work detail, which he was physically incapable of doing;

(2) that he was denied appropriate medical treatment for injuries he sustained on February 5, 2004, while chopping down roadside trees;

(3) that, on February 9, 2004, he was issued a disciplinary report, #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, and placed in segregation for not performing work he was unable to do;

(4) that he was denied due process during his March 9, 2004, "mock" and "perfunctory" disciplinary hearing;

(5) that he was removed from the work release program and transferred out of ASP on March 16, 2004;

(6) that in connection with plaintiff's disciplinary action, various defendants conspired to retaliate and retaliated against plaintiff because of his filing lawsuits and administrative grievances;

(7) that, on April 12, 2004, plaintiff's appeal of disciplinary report #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 was upheld and said report was expunged from plaintiff's records; and

(8) that, on May 28, 2004, plaintiff was notified by the Board of Pardons and Paroles that a new tentative parole date had been set for him for February 2009. Plaintiff believes that the Board relied upon "false, fictitious, and materially misleading" information in setting a new parole date for him.

**ORDER TO FILE RECAST COMPLAINT**

Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." The complaint filed by plaintiff is anything but "short and plain." Plaintiff has submitted a forty-plus page complaint and thirteen exhibits (consisting of thirty-six pages). Based upon the sheer length of plaintiff's submissions and his failure to set forth each of his claims in a separate section of his complaint, the Court concludes that plaintiff's complaint fails to comply with the requirements of Rule 8. The Eleventh Circuit Court of Appeals has held that district courts confronted by complaints of this nature, "quintessential 'shotgun' pleadings," "have the inherent authority to demand repleader *sua sponte*" so that the complaint complies with the requirement of Rule 8. ***Magluta v. Samples***, 256 F.3d 1282, 1284 & n.3 (11th Cir.2001).

In light of the foregoing, the Court hereby **ORDERS** plaintiff to file a recast complaint in this case. The recast complaint shall take the place of and supercede the original complaint and all of plaintiff's exhibits and the like. Plaintiff shall comply with the following guidelines in redrafting his complaint:

(1)  The recast complaint shall consist of a completed new section 1983 form (attached to this order), along with <u>no more than fifteen (15) additional pages</u>.[1]

(2)  The recast complaint must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit. Plaintiff is encouraged to limit the number of defendants and causes of action set forth in the recast complaint

---

[1]  The Clerk is **DIRECTED** to attach a standard section 1983 complaint form to plaintiff's copy of this order.

so that he may easily comply with the page limitations imposed by this order.

(3) The body of plaintiff's amended complaint must contain sequentially numbered sections, each of which should contain only one claim. The numbered sections should also include information such as the date on which the claim arose and the names of each and every defendant who participated in the claim.

(4) No exhibits shall be attached to the recast complaint, as such exhibits are in the nature of evidence, and it is improper to submit evidence at this stage of the proceeding.

(5) Plaintiff is specifically instructed that he may not incorporate any portion of his original complaint and subsequent filings into the recast complaint by reference.

Plaintiff shall be given twenty (20) days from his receipt of this order to submit said recast complaint to the Clerk of Court. If no response is timely received from plaintiff, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss the action, without prejudice. Plaintiff is advised that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so shall result in dismissal of this case.

There shall be no service of process on any defendant until further order of the Court.

**SO ORDERED**, this 3rd day of May, 2005.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE