IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| STEPHEN B. TRAINER, | * |
| Plaintiff, | * |
| VS. | *   CASE NO. 1:04-CV-180 (WLS) |
| B. KEITH JONES, et al., | * |
| Defendants. | * |

# O R D E R

A controversy has arisen in this matter between plaintiff, a *pro se* state prisoner, and counsel for the defendants as to when certain discovery requests were mailed by plaintiff and received by the individual defendants or their counsel.  This controversy has caused plaintiff to file three motions to compel discovery (documents #'d 24, 30, and 32), a motion seeking the imposition of sanctions (document # 26),  and a motion seeking a stay in this matter until the discovery controversy is resolved (document # 36).

Given the nature of this controversy the court set this matter down for a hearing which occurred in Albany, Georgia on January 17, 2006.  After receiving testimony and hearing from plaintiff and defense counsel for some two and one half hours the court now rules as follows.  Each of the above referenced motions are **DENIED.**

The discovery period is hereby reopened for a period of ninety (90) days commencing on the date this order is filed with the Clerk of Court.

Inasmuch as some discovery has already occurred herein it is anticipated by the court that future discovery will not be voluminous.  In order to clarify any misunderstanding of what may have transpired in open court subsequent to the announcement of the court's ruling the parties

are reminded that <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.  Thus if any defendant has responded appropriately and fully to 25 interrogatories, 10 requests for production of documents and 10 requests for admissions those defendants would not be required to provide any additional discovery except with written permission of the court first obtained.

Should a party conclude that any responses to discovery are inadequate or objectionable that party may make proper use of Fed. R. Civ. P. 37 to invoke the court's review.  It is anticipated that the parties will henceforth cooperate with respect to any remaining discovery in an effort to ready this matter for final disposition promptly and efficiently.  In the event that discovery is completed prior to the end of the discovery period the parties are directed to so advise the court.

SO ORDERED, this 19th  day of January 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE