IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

STEVEN B. TRAINER, :
:
    Plaintiff :
:
VS. : **1 : 04-CV-180 (WLS)**
:
B. KEITH JONES, et al., :
:
    Defendants. :

**ORDER AND RECOMMENDATION**

Presently pending herein are various motions filed by the plaintiff pertaining to an ongoing discovery dispute and a motion for summary judgment filed on behalf of the defendants. The plaintiff filed this action in December 2004, raising challenges to the conditions of his confinement. The court ordered the plaintiff to file a recast complaint on May 3, 2005, and he complied with this order on May 24, 2005. An order for service on the defendants was issued on June 21, 2005. Based on continuing discovery conflicts and disputes, the undersigned held an Evidentiary Hearing in this matter on January 17, 2006. At the conclusion of this hearing, the undersigned restarted the discovery period for ninety (90) days and denied all pending motions to compel and motions for sanctions. On February 24, 2006, the plaintiff filed a Motion for Sanctions against the defendants, followed by motions to compel and motions seeking hearings and the review of this matter by a District Court judge.

By order dated May 16, 2007, the undersigned, constrained by the defendants White and Jones' statement that they were not in possession of the documents requested by the plaintiff,

1

denied plaintiff's motions to compel and motion for sanctions. The court noted that although defense counsel, in responding to prior discovery requests propounded to defendants, may have provided the plaintiff with documents that he was not required to provide, this does not support the plaintiff's argument that defense counsel must now provide all documents requested, regardless of whether these defendants actually possess the documents at issue. The court reset the discovery period for thirty (30) additional days, with said period to begin on May 18, 2007, and expiring on June 17, 2007. The defendants were directed to thereafter file any appropriate dispositive motions.

*Motion for Summary Judgment*

On June 14, 2007, three (3) days prior to the expiration of the extended discovery period, defense counsel filed a motion for summary judgment addressing the merits of plaintiff's claims. As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). In moving for summary judgment, the defendants do not rely on any affidavits, depositions, pleadings or discovery responses, but instead merely assert that "there is no evidence" to support plaintiff's remaining claims. The plaintiff has responded with a voluminous brief, his affidavit, and other documentation in support of his claims.

The defendants have done little else beyond simply stating that they are entitled to summary judgment. The court notes that the defendants have failed to demonstrate that no genuine issue of material fact remains herein. Celotex, 477 U.S. at 325. Rather than demonstrating the absence of evidence to support the plaintiff's case, the defendants have merely

2

guessed that no such evidence exists. Additionally, the defendants filed their motion for summary judgment prior to the close of the extended discovery period. The undersigned finds an insufficient basis upon which to recommend that defendants' motion for summary judgment be granted, and therefore recommends that this motion, at this time, be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Discovery motions*

In his pending discovery motions, the plaintiff continues to seek the production of certain documents from the defendants, and asserts that the undersigned erred in denying his earlier filed Motion to Compel. Specifically, the plaintiff argues that the court "failed to address the issues of Defendants refusing to answer Plaintiff's first and second set of interrogatories, and their acting in bad faith to attempt to invoke Rule 33(d) and rely upon "Business records" from responses from the prior discovery period, which were non-responsive to the propounded interrogatories". In light of plaintiff's objections to the court's previous order, and inasmuch as the undersigned is recommending that defendants' summary judgment motion be denied, the court will address plaintiff's contentions regarding discovery, apparently the last portion of a lengthy discovery dispute herein.

In interrogatories propounded to the defendants in February 2006, the plaintiff sets out fourteen (14) questions for all defendants and nine (9) questions for defendant Keith Bentley. In response to each of these interrogatories, the defendants object to the questions as overly broad, and also point to their earlier filed Business Records. The interrogatories directed to all

defendants seek information regarding potential witnesses, records containing information regarding the plaintiff, work detail assignments, and other inmates. The interrogatories directed to defendant Bentley seek information regarding prison work detail assignments, the issuance of a disciplinary report to the plaintiff for his refusal to participate in a work detail, and prison regulations, etc. regarding work detail assignments and prisoners with health conditions.

Rule 26 (b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party". Upon review of the plaintiff's interrogatories and the defendants' objections/responses thereto, the court finds that defendants' objections/responses are inadequate and/or incomplete as to the following interrogatories, as edited by the court:

> **Interrogatory No. 7**, pertaining only to the time period between January 20, 2004 and June 30, 2004.
>
> **Interrogatory No. 15**
>
> **Interrogatory No. 16**
>
> **Interrogatory No. 18**

The defendants shall have **twenty (20) days from the filing date of this order** in which to provide the plaintiff, **and file with the court**, more complete responses to these interrogatories, including the specific pages of already-produced Business Records which allegedly provide a response to the questions posed.

Other than the extension of time herein for defendants' additional responses to the above-identified interrogatories, plaintiff's Motion for Extension of Time to complete discovery is hereby **DENIED**. Plaintiff's motion seeking court-ordered affidavits from the defendants is also

4

**DENIED** (Docket # 86).

*Miscellaneous motions*

The plaintiff's remaining motions, in which he seeks additional time and resources with which to respond to defendants' summary judgment motion, are hereby **DENIED** as moot (documents # 89, 90, 98).

**SO ORDERED AND RECOMMENDED**, this 12th day of February, 2008.

 /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb