IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| STEVEN B. TRAINER, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 04-CV-180 (WLS) |
| B. KEITH JONES, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending herein is the defendants' motion for summary judgment, the second such motion filed herein on behalf of the defendants. The plaintiff filed this action in December 2004, raising challenges to the conditions of his confinement. The court ordered the plaintiff to file a recast complaint on May 3, 2005, and he complied with this order on May 24, 2005. An order for service on the defendants was issued on June 21, 2005. Based on continuing discovery conflicts and disputes, the undersigned held an Evidentiary Hearing in this matter on January 17, 2006. At the conclusion of this hearing, the undersigned restarted the discovery period for ninety (90) days and denied all pending motions to compel and motions for sanctions. On February 24, 2006, the plaintiff filed a Motion for Sanctions against the defendants, followed by motions to compel and motions seeking hearings and the review of this matter by a District Court judge.

By order dated May 16, 2007, the undersigned, constrained by the defendants White and Jones' statement that they were not in possession of the documents requested by the plaintiff,

1

denied plaintiff's motions to compel and motion for sanctions. The court noted that although defense counsel, in responding to prior discovery requests propounded to defendants, may have provided the plaintiff with documents that he was not required to provide, this does not support the plaintiff's argument that defense counsel must now provide all documents requested, regardless of whether these defendants actually possess the documents at issue. The court reset the discovery period for thirty (30) additional days, with said period to begin on May 18, 2007, and expiring on June 17, 2007. The defendants were directed to thereafter file any appropriate dispositive motions.

On June 14, 2007, three (3) days prior to the expiration of the extended discovery period, defense counsel filed a motion for summary judgment addressing the merits of plaintiff's claims. In moving for summary judgment, the defendants did not rely on any affidavits, depositions, pleadings or discovery responses, but instead merely asserted that "there is no evidence" to support plaintiff's remaining claims. The plaintiff responded with a voluminous brief, his affidavit, and other documentation in support of his claims.

The undersigned found that the defendants had failed to demonstrate that no genuine issue of material fact remains herein, having merely guessed that no such evidence exists rather than demonstrating in any way the absence of evidence to support the plaintiff's case, and recommended that defendants' motion be denied. The district judge to whom this matter is assigned adopted this recommendation on March 5, 2008, but ordered defense counsel to "submit a substantive motion for summary judgment to the Court" within twenty (20) days, with "[s]aid motion [being made] in good faith, substantive, and not cursory.

On March 20, 2008, defense counsel filed the second motion for summary judgment now

2

pending before the court. This motion is identical to defendants' earlier filed motion for summary judgment, save for eight (8) sentences added on page 5 of the brief in support of the motion. The added sentences are as follows:

> Merely having a medical need is not enough. It must be shown that the Defendants were deliberately indifferent to the medical need. Plaintiff has no evidence whatsoever that the Defendants were deliberately indifferent to any of his medical needs. Moreover, **Plaintiff is not claiming that he was denied medical treatment**. Plaintiff is claiming that he was placed on a work detail that he allegedly could not do because of a medical condition. As Plaintiff has admitted, he was taken off the work detail that he alleges that he could not perform. At the very least, Defendants considered Plaintiff's medical condition and removed him from a work detail that he alleges he could not perform. Clearly, there is no deliberate indifference to Plaintiff's medical needs.

Document # 82, p. 5.

Despite the court's March 5, 2008 order requiring the defendants to file a substantive motion for summary judgment, the defendants have again submitted a motion that does little else beyond simply stating that they are entitled to summary judgment. The eight (8) sentences added on page five (5) of defendants' brief in no way transform their motion into one that could be considered "substantive". The defendants have not added any type of documentary or testamentary evidence to support their contentions, nor have they pointed to anything that establishes the absence of a genuine issue of material fact. "Even after *Celotex* it is never enough to simply state that the non-moving party cannot meet its burden at trial." *Clark v. Coats & Clark*, 929 F.2d 604, 608 (11th Cir. 1991).

Accordingly, is again the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file

written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 6th day of August, 2008.

  /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb