**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **STEVEN B. TRAINER**, | : | |
| Plaintiff, | : | **1:04-CV-180 (WLS)** |
| v. | : | |
| **B. KEITH JONES, et al.**, | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge (Doc. #129), filed December 9, 2008. It is recommended that Plaintiff's cross-motion for summary judgment be denied. Plaintiff filed his written objection on December 31, 2008. It appears that Plaintiff's objection, filed more than ten (10) days after entry and filing of the Report and Recommendation, is untimely even allowing three days each for mailing the Recommendation and Plaintiff's objection. However, a review of Plaintiff's objection indicates it was signed on December 23, 2008. The Court will consider the objection.

Plaintiff brings two claims of deliberate indifference and two for retaliation. Defendants filed a motion for summary judgment in effect contending that no genuine issue of fact remains such that Defendants should have judgment against Plaintiff on all grounds. Plaintiff filed a cross-motion for summary judgment essentially contending that no genuine issue of material fact remains such that Plaintiff should have judgment against each of the Defendants on all of his claims as a matter of law.

Plaintiff cites his affidavit and certain exhibits in the record he contends support his claims and Defendants' alleged silence in failing to respond as requiring judgment in Plaintiff's favor as a matter of law. Plaintiff therefore objects to the magistrate judge's

1

recommendation to deny Plaintiff's motion as error. In doing so, Plaintiff makes a fundamental error in reaching his conclusion that judgment must be in his favor.

Rule 56 of the Federal Rules of Civil Procedure, in pertinent part, states:

> . . . If the adverse party does not so respond [by affidavit, etc.] , summary judgment, <u>if appropriate</u>, shall be entered against the adverse party. [Emphasis added.]

Thus, the Rule does not require judgment for the moving party simply because the opposing party does not respond. This is obvious because genuine issues of material fact may still remain notwithstanding the failure of an opposing party to respond.

Plaintiff seems to conclude that since a motion by Defendants against Plaintiff could result in judgment against Plaintiff where Plaintiff fails to respond then necessarily judgment should be granted Plaintiff where Defendants fail to respond. Plaintiff on the facts of this case fails to understand a crucial difference in the two motions where filed by a Plaintiff and Defendant. A defendant may prevail by showing in certain circumstances that even accepting everything that Plaintiff states or has shown in the record as true, Plaintiff fails to establish a necessary element of his claim. In such circumstances, the Court would not and could not make credibility and similar determinations reserved for the fact-finder (the jury). The Court would simply find that there was no evidence at all to support an essential element of the claim. To the contrary, the proponent (Plaintiff) of a claim while showing that there is evidence to support each element of his claim generally cannot show that the fact-finder must believe or give credibility to Plaintiff's facts. That is why the Court simply determines if facts exist upon which the jury could find for the Plaintiff, if the jury finds the evidence credible. Therefore, issues of credibility and interpretation of the evidence essentially always remain for the fact-finder, even where a proponent survives a motion for summary judgment.

Plaintiff incorrectly concludes that the jury must find in his favor and interpret

the evidence as Plaintiff argues. It does not. Therefore, for purposes of considering Plaintiff's motion there remain genuine issues of material fact as to whether the acts and statements of Defendants will be found proved or true by the jury and whether or not the jury further believes Defendants were in fact deliberately indifferent and/or acted in retaliation upon all the evidence relevant to those issues including, of course, Plaintiff's evidence. The Court would exceed its role with respect to determining the issues in the case, if it invaded the realm of fact-finding and credibility determinations reserved to the jury.

Therefore, upon full review and consideration upon the entire record, the Court finds that said Report and Recommendation should be, and hereby is, ACCEPTED, ADOPTED and made the order of the Court for reasons of the findings made and reasons stated therein together with the findings made, reasons stated and conclusions reached herein. Accordingly, Plaintiff's motion for summary judgment (Doc. #116) is DENIED.

**SO ORDERED**, this   31st   day of March, 2009.


　　　　　　　　　　　　　　　　　　　　   /s/ W. Louis Sands　　　　　　　　
　　　　　　　　　　　　　　　　　　　　**W. LOUIS SANDS, JUDGE**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**